UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KENDALL PIERRE FLEMING, ) | |
| ) | |
| Plaintiff, ) | Case No. 04 C 4376 |
| ) | |
| v. ) | Judge Shadur |
| ) | |
| DELTA-SONIC CARWASH SYSTEMS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**FILED SEP 20 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

**DOCKETED SEP 22 2004**

### NOTICE OF FILING

TO: Delta-Sonic Carwash Systems, Inc.
c/o Illinois Corporation Service Company (Registered Agent)
801 Adlai Stevenson Drive
Springfield, Illinois 62703-4261

PLEASE TAKE NOTICE that on September 20, 2004, the undersigned filed the Appearance of Robert R. Brown on behalf of plaintiff Kendall P. Fleming and plaintiff's First Amended Complaint and Jury Demand with the clerk of the United States District Court, Northern District of Illinois, Eastern Division, copies of which are hereby served upon you.

DATED: September 20, 2004

KENDALL P. FLEMING
Plaintiff,

By: _____
One of His Attorneys

Robert R. Brown
Bell, Boyd & Lloyd LLC
Three First National Plaza
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
(312) 807-4266 (phone)
(312) 827-8053 (facsimile)

476306/C/1



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**
SEP 20 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
SEP 22 2004

| | |
|---|---|
| KENDALL PIERRE FLEMING, | |
| Plaintiff, | Case No. 04 C 4376 |
| v. | Judge Shadur |
| DELTA-SONIC CARWASH SYSTEMS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES the plaintiff, Kendall Fleming ("Fleming"), by and through his attorneys, Bell, Boyd & Lloyd LLC, and complaining of the defendant, Delta-Sonic Carwash Systems, Inc. ("Delta-Sonic"), in this First Amended Complaint and Jury Demand, states as follows:

### Nature of Claims

1. This is an action for employment discrimination by reason of unlawful termination and unlawful harassment motivated by race, authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 ("Section 1981").

### Parties

2. Fleming is a resident of Lombard in DuPage County, Illinois.

3. Delta-Sonic is a New York corporation, doing business in and around Cook County, Illinois.

### Jurisdiction and Venue

4. Fleming invokes this Court's jurisdiction to secure the protection of, and to redress deprivation of, rights secured by Title VII and Section 1981 providing for declaratory, injunctive, and other relief against employment discrimination based upon race.

5. Jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) since the acts and transactions complained of occurred in this district.

### Procedural Requirements

7. Within 300 days of at least one of the acts of which he complains, Kendall filed his charge of employment discrimination against Delta-Sonic with the Equal Employment Opportunity Commission ("EEOC") on or around December 31, 2003.

8. On or about April 5, 2004, Fleming received a Notice of Right To Sue from the EEOC with respect to his charge of employment discrimination.

9. Fleming filed his original complaint within 90 days of his receipt of the Notice of Right To Sue on June 30, 2004.

### Jury Demand

10. Fleming demands a trial by jury on each and every cause of action set forth in this Complaint.

### Factual Background

11. Fleming's race is Black.

12. Delta-Sonic is in the car wash business and owns and operates roughly twenty-nine (29) full-service car wash facilities open to the general public in and around the Chicagoland area. Such locations include a full-service car wash located at 8490 W. North Avenue, in Melrose Park, Illinois (the "Melrose Park Car Wash").

13. At all times relevant to this Complaint, Delta-Sonic has been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. §§ 2000(e)(b), (g), and (h).

14. Fleming is a former employee of Delta-Sonic.

15. At all times during his employment by Delta-Sonic, Fleming worked at the Melrose Park Car Wash.

16. Fleming became an employee of Delta-Sonic on or around June 29, 2002. He worked for Delta-Sonic full-time from that date until his termination on or around December 2, 2003.

17. Fleming initially worked as a car wash detailer, earning $3.50 per hour plus tips.

18. During the course of his employment by Delta-Sonic, Fleming received several promotions from his initial position of car wash detailer. He was promoted to Cashier (Level 1) in or around July 2002; to Cashier (Level 2) in or around October 2002; to Shift Captain (Level 1) in or around December 2002; and Shift Captain (Level 2) in or around March 2002.

19. Fleming held the position of Shift Captain (Level 2) at the time of his termination in December 2003.

20. In or around late November or early December 2003, Delta-Sonic suspended Fleming without pay for approximately four (4) days in connection with an alleged incident where a family-member of Fleming's allegedly received a single, discounted car wash at the Melrose Park Car Wash.

21. Ultimately, Delta-Sonic managers Tim Smits ("Mr. Smits") and Mike Buscan ("Mr. Buscan") participated in a committee meeting attended by Fleming and other Delta-Sonic superiors on or around December 2, 2003. The purported purpose of the meeting was to discuss the alleged incident resulting in Fleming's suspension.

22. Following the committee meeting, Delta-Sonic terminated Fleming's employment. The stated reason for his termination was that he had allegedly obtained a discounted car wash for his cousin on this single occasion. In addition to termination, Delta-

Sonic barred Fleming from doing any business at the Melrose Park Car Wash. Fleming cannot purchase gas or any other items from the facility without fear of being arrested.

23. Delta-Sonic's stated termination reason is false and a pretext for race discrimination.

24. Up to and including at the time of his suspension and termination, Fleming was meeting and/or exceeding the legitimate performance expectations of Delta-Sonic.

25. Upon information and belief, non-blacks employed by Delta-Sonic have engaged in conduct similar to and/or more egregious than the conduct Fleming is alleged to have engaged in by Delta-Sonic, but such individuals have been treated more favorably by receiving less discipline than that imposed on Fleming.

26. Prior to his termination in December 2003 and during and throughout his employment by Delta-Sonic, Fleming was subject to and forced to endure a racially insensitive and harassing work environment that was caused, created, allowed to exist, and go without remedy by and with the knowledge of Delta-Sonic and Fleming's superiors, Mr. Buscan and Mr. Smits.

27. Mr. Buscan's race is white. At all times relevant to the Complaint, Mr. Buscan was a supervisor of Mr. Fleming for purposes of Title VII and Section 1981.

28. Mr. Smits' race is white. At all times relevant to the Complaint, Mr. Smits is a supervisor for purposes of Title VII and Section 1981.

29. Delta-Sonic's actions that caused, created, and allowed to exist the harassing work environment, included but were not limited to, the following acts which were done with the intent to demean, belittle, humiliate, and embarrass Fleming on the basis of his race:

    a. Mr. Buscan, Mr. Smits, and others at the Melrose Park Car Wash repeatedly used racially insensitive commentary and banter directed to and at Fleming, Smits and others, at the Melrose Park Car Wash.

    b. Mr. Smits conversed with Fleming periodically by switching to Ebonics both during one-on-one and group conversations.

    c. Mr. Smits, when in the presence of Fleming at the Melrose Park Car Wash, would begin to strut as he pretended to be Black and simultaneously used race-based lingo and dialogue, including phrases such as "Wat up dawg?

    d. Mr. Buscan engaged in conduct similar to Mr. Smits and would also frequently use racially based commentary to Fleming commentary such as "Don't worry white man take care of you; white man help you out."

    e. Delta-Sonic terminated his employment in furtherance of the racially hostile environment.

    f. Delta-Sonic failed to prevent and/or remedy the racially hostile environment.

30. These actions and this behavior were not welcome by Fleming, constituted racial harassment, and rose to the level of an actionable hostile work environment.

31. These actions and this behavior were sufficiently severe and pervasive so as to alter the conditions of Fleming's employment and create an abusive working environment.

32. These actions and this behavior were open and done with the knowledge of management employees of Delta-Sonic.

33. Delta-Sonic knew or should have known of the actions of Mr. Buscan and Mr. Smits and others, and otherwise knew of the harassing and discriminating environment that Fleming was subject to on a daily basis.

34. Fleming's disapproval of the conduct was known to Mr. Buscan, Mr. Smits, and Delta-Sonic.

35. Fleming was both terminated and subjected to the hostile work environment by Delta-Sonic because of his race.

36. Fleming's race motivated his termination and his being subject to a hostile work environment.

## COUNT I

### Violation of Title VII – Unlawful Termination

37. Fleming re-alleges Paragraphs 1-36 of this Complaint as Paragraph 37 of Count I of the Complaint.

38. Count I is brought pursuant to Title VII for unlawful termination motivated by Fleming's race.

39. In violation of Title VII, Delta-Sonic terminated Fleming's employment on the basis of his race.

40. Delta-Sonic knew or should have known that its termination of Fleming violated Title VII.

41. Delta-Sonic engaged in its discriminatory practice intentionally and with malice or with a reckless indifference to the federally protected rights of Fleming under Title VII.

42. Fleming has in the past suffered, and will in the future suffer, damage and injury as a direct and proximate result of the foregoing actions of Delta-Sonic, including but not limited to loss of income and employment status, lost compensation and benefits, economic and pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to earning potential, humiliation, and other such non-pecuniary losses.

WHEREFORE, plaintiff Kendall P. Fleming prays respectfully for judgment in its favor against defendant Delta-Sonic Carwash Systems, Inc. in an amount that will fully and fairly compensate him for his injuries and damages suffered and remedy the wrongs committed against him, including but not limited to an award of the following relief:

      a. Restoration to his position with Delta-Sonic;

      b. Compensatory damages and actual damages;

      c. Back pay and front pay;

      d. Punitive and/or exemplary damages;

      e. Appropriate injunctive and/or equitable relief;

      f. Reasonable attorneys' fees and costs of suit;

      g. Pre- and post-judgment interest; and

      h. Such further and additional relief as this Court deems just and proper.

## COUNT II

### Violation of Section 1981 – Unlawful Termination

43. Fleming re-alleges Paragraphs 1-42 of this Complaint as Paragraph 43 of Count II of the Complaint.

44. Count II is brought pursuant to Section 1981 for unlawful termination motivated by Fleming's race.

45. In violation of Section 1981, Delta-Sonic terminated Fleming's employment on the basis of his race.

46. Delta-Sonic knew or should have known that its termination of Fleming violated Section 1981.

47. Delta-Sonic engaged in its discriminatory practice intentionally and with malice or with a reckless indifference to the federally protected rights of Fleming under Section 1981.

48. Fleming has in the past suffered, and will in the future suffer, damage and injury as a direct and proximate result of the foregoing actions of Delta-Sonic, including but not limited to loss of income and employment status, lost compensation and benefits, economic and pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, damage to earning potential, humiliation, and other such non-pecuniary losses.

WHEREFORE, plaintiff Kendall P. Fleming prays respectfully for judgment in his favor against defendant Delta-Sonic Carwash Systems, Inc. in an amount that will fully and fairly compensate him for his injuries and damages suffered and remedy the wrongs committed against him, including but not limited to an award of the following relief:

a. Restoration to his position with Delta-Sonic;

b. Compensatory damages and actual damages;

c. Back pay and front pay;

d. Punitive and/or exemplary damages;

e. Appropriate injunctive and/or equitable relief;

f. Reasonable attorneys' fees and costs of suit;

g. Pre- and post-judgment interest; and

h. Such further and additional relief as this Court deems just and proper.

## COUNT III

### Violation of Title VII – Racial Harassment

49. Fleming re-alleges Paragraphs 1-48 of this Complaint as Paragraph 49 of Count III of the Complaint.

50. Count III is brought pursuant to Title VII for unlawful racial harassment.

51. In violation of Title VII, Delta-Sonic subjected Fleming to racial harassment on the basis of his race.

52. Delta-Sonic knew or should have known that its treatment of Fleming violated Title VII.

476496/C/1

8

53. Delta-Sonic engaged in its discriminatory practice intentionally and with malice or with a reckless indifference to the federally protected rights of Fleming under Title VII.

54. Fleming has in the past suffered, and will in the future suffer, damage and injury as a direct and proximate result of the foregoing actions of Delta-Sonic, including but not limited to loss of income and employment status, lost compensation and benefits, economic and pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to earning potential, humiliation, and other such non-pecuniary losses.

WHEREFORE, plaintiff Kendall P. Fleming prays respectfully for judgment in its favor against defendant Delta-Sonic Carwash Systems, Inc. in an amount that will fully and fairly compensate him for his injuries and damages suffered and remedy the wrongs committed against him, including but not limited to an award of the following relief:

   a. Restoration to his position with Delta-Sonic;

   b. Compensatory damages and actual damages;

   c. Back pay and front pay;

   d. Punitive and/or exemplary damages;

   e. Appropriate injunctive and/or equitable relief;

   f. Reasonable attorneys' fees and costs of suit;

   g. Pre- and post-judgment interest; and

   h. Such further and additional relief as this Court deems appropriate.

## COUNT IV

### Violation of Section 1981 – Racial Harassment

55. Fleming re-alleges Paragraphs 1-54 of this Complaint as Paragraph 55 of Count IV of the Complaint.

9